IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERI BARROS-VERA, PAMELA S. ACOSTA,
VERONICA ARMIJO, ALMA BABBITT,
AMY BACA, MICHELLE BRUCE,
BRIAN P. CARR, SINFY L. CASTILLO,
VICTOR CHENOWETH, CRYSTAL GALLEGOS,
MATTHEW KITTS, MARK LOPEZ,
VALERIE LUJAN, LEILANI MALDONADO,
LARRY MARTINEZ, PAULINE OCHOA,
ELIZABETH RANGEL, JESSICA TAFOYA,
and ADELE M. TOSCANI, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                  No.  14-CV-928

                      **JURY TRIAL DEMANDED**

**BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY,**

        **Defendant.**

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

COME NOW Plaintiffs Jeri Barros-Vera, Pamela S. Acosta, Veronica Armijo, Alma Babbitt, Amy Baca, Michelle Bruce, Brian P. Carr, Sinfy L. Castillo, Victor Chenoweth, Crystal Gallegos, Matthew Kitts, Mark Lopez, Valerie Lujan, Leilani Maldonado, Larry Martinez, Pauline Ochoa, Elizabeth Rangel, Jessica Tafoya, and Adele M. Toscani, on their own behalf and on behalf of all others similarly situated, by and through their counsel, **YOUTZ & VALDEZ, P.C.** (Shane Youtz, Stephen Curtice, James Montalbano), and for their complaint against Defendant allege as follows:

    1.    Plaintiffs, current or former employees of Defendant, are suing on behalf of a proposed class of all current and former Classification Specialists who are or were employed by

Defendant at the Metropolitan Detention Center.  Plaintiffs bring suit to recover back pay, compensatory, exemplary and punitive damages as a result of Defendant's willful misclassification of them as exempt from the overtime provisions of the FLSA and for Defendant's failure to pay overtime wages as required by law.  Plaintiffs also seek declaratory and injunctive relief, in addition to damages.

2. Plaintiffs bring this action under the federal Fair Labor Standards Act (the "FLSA") (29 U.S.C. § 201 et seq.).

3. Plaintiffs and other class members are or were employed by Defendant and did perform work for Defendant in the last three years.  At various times during the past three years, Plaintiffs were required to, or suffered or permitted to, work in excess of forty hours in a given workweek.

4. Because Defendant has improperly classified Plaintiffs and other class members as exempt from the overtime provisions of the FLSA, Defendant has failed to pay those employees for any time in excess of forty hours in a workweek, and has also failed to pay them the required overtime premium for that time.

**Jurisdiction and Venue**

5. Defendant Board of County Commissioners of Bernalillo County is a political subdivision of the State of New Mexico.

6. At all times relevant hereto, Plaintiffs were residents of the State of New Mexico.

7. Venue is appropriate in this Court.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this cause of action is brought pursuant to the FLSA.

## General Allegations

9. Plaintiffs and class members work (or worked) for Defendant as Classification Specialists at the Metropolitan Detention Center in Bernalillo County.

10. Plaintiffs and other employees are currently or formerly classified by Defendant as "exempt employees" under the FLSA and do not receive any additional pay or overtime premium for working hours in excess of forty in a given work week.

11. Plaintiffs' duties include, inter alia, case management for inmates, classification or reclassification of inmates for housing purposes, and for interfacing with the NCIC database.

12. Plaintiffs and class members are not security personnel in a correctional institution and do not have responsibility for controlling and maintaining custody of inmates and of safeguarding them from other inmates or for supervising such functions.  Rather, they are civilian employees of MDC.

13. Plaintiffs and class members do not have as a primary duty the management of MDC or any customarily recognized department or subdivision of MDC.

14. Plaintiffs and class members do not customarily and regularly direct the work of two or more other employees.

15. Plaintiffs and class members do not have the authority to hire or fire other employees and their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are not given particular weight.

16. Plaintiffs and class members do not have as a primary duty the performance of office or non-manual work directly related to the management or general business operations of MDC.

17. Plaintiffs and class members do not have a primary duty that includes the exercise of discretion and independent judgment with respect to matters of significance.

18. Plaintiffs and class members do not have a primary duty that requires the performance of work that requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

19. Plaintiffs and class members do not have a primary duty that requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

20. Plaintiffs and class members are not computer employees or outside sales employees, as those terms are defined in the FLSA and interpreting regulations.

21. Plaintiffs and other class members are or were employed by Defendant and did perform work for Defendant in the last three years. At various times during the past three years, Plaintiffs were required to, or suffered or permitted to, work in excess of forty hours in a given workweek.

22. Defendant has incorrectly classified Plaintiffs and class members as exempt from the overtime provisions of the FLSA.

23. As such, Defendant intentionally and repeatedly failed to pay Plaintiffs and other class members for all of the time they worked (i.e. any time in excess of forty in a workweek) and also failed to pay Plaintiffs and other class members time and one half for hours worked in excess of forty in a workweek.

24. Defendant also employs Community Case Managers, who perform substantially, if not entirely, the same case management duties as Plaintiffs, but for inmates on the DSAP (Department of Substance Abuse Programs) rather than in the MDC.

25. Despite performing the same job duties as Plaintiffs, Community Case Managers are classified as non-exempt by Defendant and earn overtime for all hours worked in excess of forty in a given workweek.

26. Plaintiffs have repeatedly tried over the past two years to have their positions reclassified as non-exempt. Defendant has stonewalled Plaintiffs' efforts and has failed or refused to reclassify their position.

27. Defendant's failure to properly classify and pay Plaintiffs was willful, as that term is used in the FLSA.

## Collective Allegations

28. Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees employed by Defendant.

29. Plaintiffs all hereby consent to trying this matter as a collective action under that section.

30. Plaintiffs and other current and former Classification Specialists work or work for the same employer, under the same job title, and subject to the same workplace rules, regulations and policies.

31. Plaintiffs and other current and former Classification Specialists are similarly situated as it relates to the allegations in this Complaint.

32. The proposed class consists of current and former Classification Specialists who work or worked for Defendant and are similarly affected by the facts detailed above. In addition, the questions to be determined are ones of common and general interest to the many persons constituting the class to which Plaintiffs belong.

33. Common issues of law and fact exist and will predominate over purely individual questions in this litigation.

34. Defendant's practices are uniform with regard to employees.  The employment practices are uniform and issues of fact and law can be resolved in collective fashion for Plaintiffs and any other class members who opt in to this litigation.

## Count I – Violation of the FLSA (29 U.S.C. § 201 et seq.)

35. Plaintiffs incorporate herein the previous allegations of this complaint.

36. In any workweek in which Plaintiffs worked at least 40 hours, Defendant's failure to pay Plaintiffs at one and one half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act, 29 U.S.C. §§206, 207, 215, 216.

37. As a result of such violations, Plaintiffs, and those similarly situated, are entitled to the damages, fees and expenses as set out in the Fair Labor Standards Act, 29 U.S.C. § 216.

38. Defendant's failure to pay wages due was willful.

39. As a direct and proximate result of Defendant's failure to properly pay wages, Plaintiffs have suffered damages in the form of lost wages and lost use of such wages.

40. All current and former Classification Specialists are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 216(b).

## JURY DEMAND

41. This case should be heard before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a. The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

b. This case be tried before a jury;

c. The Court enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202 that Plaintiffs should be classified as non-exempt for purposes of the overtime provisions of the FLSA;

d. The Court enjoin Defendant from classifying them as exempt and

e. They be awarded compensatory damages;

f. They be awarded liquidated damages as permitted by law;

g. The court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law; and

h. The court award Plaintiffs and the class members such other and further relief, including costs and attorneys' fees allowed under applicable law, as may be necessary and appropriate.

Dated: October 15, 2014          Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

_____/s/ Stephen Curtice_____
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200 – Telephone
(505) 244-9700 – Fax

*Attorneys for Plaintiffs*